# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ELIZABETH ADENIRANYE,
4221 Kinmount Road
Lanham, MD 20706-1951

*Plaintiff;*

v.

BIERER LAW GROUP, P.A.
502 S Sharp Street
Suite 1100
Baltimore, MD 21201

AND

TRANSWORLD SYSTEMS, INC.
1015 15th Street
Washington, DC 20005

AND DOES 1-10 inclusive,

*Defendants.*

Civil Action No. 1:18-cv-402

## COMPLAINT

Plaintiff Elizabeth Adeniranye ("Adeniranye") submits her complaint against Bierer Law Group, P.A. ("Bierer") and Transworld Systems, Inc. ("TSI") (collectively "Defendants") for abuse of process, and unlawful debt collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692, *et seq.*, and District of Columbia Code § 28-3814 *et seq.*

## JURISDICTION AND VENUE

1.      The Court has subject-matter jurisdiction over Adeniranye's FDCPA claims under 15 U.S.C. § 1692k(d) without regard to the amount in controversy. Supplemental jurisdiction over Adeniranye's abuse of process claim is proper under 28 U.S.C. § 1327.

2.      Venue is proper under 28 U.S.C. § 1391(b)(2) in that the Defendants' acts or omissions causing Adeniranye's claims occurred in the District of Columbia.

**PARTIES**

3.      Adeniranye is an adult resident of Maryland.

4.      Adeniranye is a consumer as defined by 15 U.S.C. § 1692a(3) because she cosigned private student loan (used for personal, family or household purposes) for her daughter to attend Howard University.

5.      National Collegiate Student Loan Trust ("NCSLT") is a statutory educational trust incorporated in Delaware. NCSLT has no employees, and all loan servicing and debt collection activities are carried out by its third-party agents.

6.      TSI (f/k/a NCO Financial Systems, Inc.) is a California corporation with a principal place of business at 510 Peachtree Industrial Blvd., Norcross, GA 30071.

7.      TSI is a debt collector as defined under 15 U.S.C. § 1692a(6). TSI publicly holds itself out as a "national debt collection company." TSI's principal business purpose is collecting defaulted debts owed to third parties.

8.      Bierer is a Maryland professional association with a principal place of business at 502 S. Sharp Street, Suite 1100, Baltimore, MD 21201.

9.      Bierer is a debt collector as defined under 15 U.S.C. § 1692a(6). Bierer publically holds itself out as a debt collector by stating on its website: "[t]his communication is an attempt to collect a debt by a debt collector and all information obtained will be used for that purpose."

10.      Bierer is engaged under a contingency-based retainer agreement as part of TSI's attorney debt collection network agreement

11.      DOES 1 through 10 are persons or entities whose true names and capacities are unknown to Adeniranye, and who are therefore sued by such fictitious names. Adeniranye is informed and believes and thereon alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged, are responsible for the matters alleged, and

are jointly and severally liable to Adeniranye. Adeniranye will seek leave of court to amend her complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

12.     Defendants have acted in concert to engage in the acts and practices described throughout this Complaint and are jointly, severally and vicariously liable. While participating in such acts, Defendants were agents, alter egos, conspirators, and aiders and abettors and were acting in the course and scope of such agency and with the permission, consent, authorization, or ratification of the other.

## FACTUAL ALLEGATIONS

13.     In 2006, Adeniranye's daughter obtained a $16,500 private student loan from Charter One Bank to attend Howard University. That loan ultimately defaulted.[1]

14.     Adeniranye was a cosigner for the loan.

15.     TSI is a third-party debt collector of defaulted student loans owed to NCSLT.

16.     Bierer is a TSI network debt collection law firm.

17.     Bierer, acting at the direction of TSI, filed a debt collection lawsuit against Adeniranye in Maryland to collect the defaulted student loan.

18.     In November 2014, Bierer obtained a judgment on behalf of NCSLT against Adeniranye in Maryland.

19.     As evidenced in the promissory note, Adeniranye has been employed by Stoddard Baptist Home, Inc. ("Stoddard") in the District of Columbia since 2003. Stoddard is incorporated—and has its principal place of business—in the District of Columbia.

20.     Bierer knew Adeniranye was employed at Stoddard in the District of Columbia.

---

[1] Adeniranye's daughter has since been determined fully disabled.

21.     District of Columbia law prohibits the taking of property without a domesticated judgment. Bierer is willfully and intentionally circumventing this simple and expeditious procedure by serving writs of garnishment on Stoddard's agent in Maryland.

22.     Bierer has been garnishing about $250 per month from Adeniranye in the District of Columbia without a domesticated judgment.

23.     Bierer deducts contingency-based attorney's fees from the funds received from Stoddard. Bierer then remits amounts to TSI that are less than the actual funds received from Stoddard.

24.     Bierer's contingency-based fees are authorized by the fee schedule of its attorney network service agreement with TSI, but not under the promissory note between Adeniranye and Charter One Bank. The promissory note only authorizes payment for the actual costs of collection, not contingency-based attorney's fees.

25.     TSI recently signed a Consent Order ("Order") with the Consumer Financial Protection Bureau. The Order addresses the "debt collection litigation practices of the Attorney Network business Unit of [TSI]."

26.     The Order provides that:

- The trusts subject to the Order include 2006--3;

- The Order covers the period November 1, 2014 through April 25, 2016;

- TSI employs "a national network of Law Firms ... [to] to file and prosecute Collections Lawsuits on behalf of the Trusts in courts across the country;"

- "Law Firms that filed Lawsuits on behalf of the Trusts did so as Service Providers and agents of the Trusts;"

- TSI and its agents engaged in false, deceptive and misleading debt collection practices;

- TSI must pay a civil penalty of $2,500,000.

–4–

27.     On September 18, 2017, Don Uderitz—the owner of the trusts—publically admitted the Orders result from "systemic malfeasance, gross negligence and willful misconduct" by the trusts' debt collectors and other contractors.

28.     TSI and Bierer have acted with gross negligence or willful misconduct by garnishing Adeniranye's wages without domesticating the Maryland judgment in the District of Columbia, and concealing their unauthorized contingency-based fees from Adeniranye.

29.     Adeniranye has been injured by agitation, annoyance, emotional distress, and undue inconvenience because of the unfair and deceptive means of Defendants' debt collection practices.

30.     Adeniranye has sustained actual damages, including attorney's fees and costs, because of Defendants' unlawful debt collection practices.

## FIRST CLAIM FOR RELIEF
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 ET SEQ.

31.     Adeniranye repeats, re-alleges, and incorporates by reference paragraphs 1-30, inclusive, above, as if fully set forth herein.

32.     Defendants violated 15 U.S.C. § 1692d by garnishing Adeniranye's wages in the District of Columbia without a domesticated judgment.

33.     Defendants violated 15 U.S.C. § 1692e by garnishing Adeniranye's wages in the District of Columbia without a domesticated judgment.

34.     Defendants violated 15 U.S.C. § 1692e by collecting contingency-based attorney's fees not authorized by the promissory note.

35.     Defendants violated 15 U.S.C. § 1692e(2)(A) by collecting, or attempting to collect, contingency-based attorney's fees not authorized by the promissory note.

36.     Defendants violated 15 U.S.C. § 1692e(2)(B) by concealing Bierer's contingency-based attorney's fees from Adeniranye, deducting those fees from wages received from Stoddard, and remitting amounts to TSI that are less than the amounts received from Stoddard.

37.     Defendants violated 15 U.S.C. § 1692e(10) by garnishing Adeniranye's wages in the District of Columbia without a domesticated judgment.

38.     Defendants violated 15 U.S.C. § 1692e(2)(10) by collecting contingency-based attorney's fees not authorized by the promissory note.

39.     Defendants violated 15 U.S.C. § 1692e(2)(10) by concealing Bierer's contingency-based attorney's fees from Adeniranye, deducting those fees from wages received from Stoddard, and remitting amounts to TSI that are less than the amounts received from Stoddard.

40.     Defendants violated 15 U.S.C. § 1692f by garnishing Adeniranye's wages in the District of Columbia without a domesticated judgment.

41.     Defendants violated 15 U.S.C. § 1692f by collecting contingency-based attorney's fees not authorized by the promissory note.

42.     Defendants violated 15 U.S.C. § 1692f by concealing Bierer's contingency-based attorney's fees from Adeniranye, deducting those fees from wages received from Stoddard, and remitting amounts to TSI that are less than the amounts received from Stoddard.

43.     Defendants violated 15 U.S.C. § 1692f(1) by collecting contingency-based attorney's fees not authorized by the promissory note.

44.     Defendants violated 15 U.S.C. § 1692f(6) by garnishing Adeniranye's wages in the District of Columbia without a domesticated judgment.

## SECOND CLAIM FOR RELIEF

## VIOLATIONS OF D.C. CODE § 28-3814 ET SEQ.

## (AS TO ALL DEFENDANTS)

45.     Adeniranye repeats, re-alleges and incorporates by reference paragraphs 1-44, inclusive, above, as if fully set forth herein.

46.     Defendants violated § 28-3814(c)(3) by willfully and falsely representing to Stoddard that Adeniranye's wages must be garnished when no judgment was entered in the District of Columbia.

47.     Defendants violated § 28-3814(f)(5) by willfully and falsely misrepresenting to Stoddard that Adeniranye's wages could be garnished when no judgment was entered in the District of Columbia.

48.     Defendants violated § 28-3814(f)(5) by willfully concealing Bierer's contingency-based attorney's fees from Adeniranye, deducting those fees from wages received from Stoddard, and remitting amounts to TSI that are less than the amounts received from Stoddard.

49.     Defendants violated § 28-3814(f)(5) by willfully collecting contingency-based attorney's fees not authorized by the promissory note.

50.     Defendants violated § 28-3814(f)(8) by willfully concealing Bierer's contingency-based attorney's fees from Adeniranye, deducting those fees from wages received from Stoddard, and remitting amounts to TSI that are less than the amounts received from Stoddard.

51.     Defendants violated § 28-3814(f)(8) by willfully collecting contingency-based attorney's fees not authorized by the promissory note.

52.     Defendants violated § 28-3814(g)(3) by willfully concealing Bierer's contingency-based attorney's fees from Adeniranye, deducting those fees from wages received from Stoddard, and remitting amounts to TSI that are less than the amounts received from Stoddard.

53.     Defendants violated § 28-3814(g)(3) by willfully collecting contingency-based attorney's fees not authorized by the promissory note.

54.     Defendants violated § 28-3814(g)(4) by willfully concealing Bierer's contingency-based attorney's fees from Adeniranye, deducting those fees from wages received from Stoddard, and remitting amounts to TSI that are less than the amounts received from Stoddard.

55.     Defendants violated § 28-3814(g)(4) by willfully collecting contingency-based attorney's fees not authorized by the promissory note.

56.     Defendants violated § 28-3814(i)(1) by willfully concealing Bierer's contingency-based attorney's fees from Adeniranye, deducting those fees from wages received from Stoddard, and remitting amounts to TSI that are less than the amounts received from Stoddard.

57.     Defendants violated § 28-3814(i)(1) by willfully collecting contingency-based attorney's fees not authorized by the promissory note.

58.     Defendants are liable to Adeniranye for compensatory damages under D.C. Code § 28-3814(j)(1) for their willful violations of law.

59.     Defendants are liable to Adeniranye for punitive damages under D.C. Code § 28-3814(j)(2) for their willful violations of law.

### THIRD CLAIM FOR RELIEF
### ABUSE OF PROCESS
### (AS TO ALL DEFENDANTS)

60.     Adeniranye repeats, re-alleges and incorporates by reference paragraphs 1-59 inclusive, above, as if fully set forth herein.

61.     Defendants perverted legal process to further their ulterior motive of unlawfully coercing payment by garnishing Adeniranye's wages in the District of Columbia without domesticating the Maryland judgment.

62.     By garnishing Adeniranye's wages without a domesticated judgment in the District of Columbia, Defendants achieved an end would not otherwise be legally obtainable.

63.     Defendants acted with malice and a conscious disregard for the rights of Adeniranye because their ulterior purpose was enforcing the Maryland judgment by garnishing Adeniranye's wages without domesticating the judgment in the District of Columbia.

64.     Defendants were the substantial factor in causing Adeniranye's damages, and the depravity of Defendants' conduct fulfills the requirements for an award of exemplary damages.

## PRAYER FOR RELIEF

Adeniranye respectfully prays that judgment be entered against the Defendants, and each of them, for:

A.     Actual damages;

B.     Statutory damages;

C.     Punitive damages;

D.     Costs of suit and reasonable attorney's fees; and

E.     For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Adeniranye demands trial by jury.

DATED:  February 22, 2018                    Respectfully submitted,


                                             *Dean Gregory*
                                             _____
                                             Dean Gregory (Bar No. 1008846)
                                             **LAW OFFICES OF DEAN GREGORY**
                                             1717 K Street NW
                                             Suite 900
                                             Washington, D.C. 20006
                                             Telephone: (202) 905-8058
                                             Facsimile: (202) 776-0136
                                             Email: dean@deangregory.com


                                             *ATTORNEY FOR ELIZABETH ADENIRANYE*