**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELIZABETH ADENIRANYE,<br>4221 Kinmount Road<br>Lanham, MD 20706-1951<br><br>    Plaintiff,<br><br>v.<br><br>BIERER LAW GROUP, P.A.<br>502 S Sharp Street<br>Suite 1100<br>Baltimore, MD<br><br>AND<br><br>TRANSWORLD SYSTEMS INC.<br>1015 15th Street<br>Washington, DC 20005<br><br>AND DOES 1-10 inclusive,<br><br>    Defendants. | Judge Rudolph Contreras<br><br>Civil Action No.: 1:18-cv-00402-RC |

**TRANSWORLD SYSTEMS INC.'S ANSWER & AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S COMPLAINT**

NOW COMES defendant, Transworld Systems Inc. ("TSI"), through undersigned counsel, and for its answer and affirmative defenses to the complaint filed by plaintiff, Elizabeth Adeniranye, states as follows:

**JURISDICTION AND VENUE**

1. TSI admits this court has subject matter jurisdiction, but denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 1.  Except as specifically admitted, TSI denies the allegation in ¶ 1.

1

2.      TSI admits this venue is proper but denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 2.  Except as specifically admitted, TSI denies the allegation in ¶ 2.

## PARTIES

3.      TSI is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 3.

4.      TSI admits that it had a student loan account in the name of Elizabeth Adeniranye.  Except as specifically admitted, TSI is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 4.

5.      TSI admits that it acts at times as a servicer for National Collegiate Student Loan Trust entities.  Except as specifically admitted, TSI is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 5.

6.      TSI admits that it is a California corporation, and that it has an office at 510 Peachtree Industrial Blvd., Norcross, GA  30071.  Except as specifically admitted, TSI denies the allegations in ¶ 6.

7.      Transworld admits that when it acts as a debt collector, as defined by 15 U.S.C. § 1692a, its debt collection activities may be governed by certain provisions of the FDCPA. Except as specifically admitted, Transworld denies the allegations in ¶ 7.

8.      TSI is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 8.

9.      TSI is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 9.

10.     TSI admits that it engaged Bierer regarding the account at issue.  Except as specifically admitted, TSI denies the allegations in ¶ 10.

11.     TSI is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 11.

12.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 12, and TSI denies the allegations in ¶ 12.

## FACTUAL ALLEGATIONS

13.     TSI admits that it had a student loan account in the name of Elizabeth Adeniranye.  Except as specifically admitted, TSI is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 13.

14.     TSI admits that it had a student loan account in the name of Elizabeth Adeniranye.  Except as specifically admitted, TSI is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 14.

15.     TSI admits that it acts at times as a post-default servicer for National Collegiate Student Loan Trust entities.  Except as specifically admitted, TSI denies the allegations in ¶ 15.

16.     TSI admits that it engaged Bierer regarding the account at issue.  Except as specifically admitted, TSI is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 16.

17.     TSI admits that it had a student loan account in the name of Elizabeth Adeniranye, and that a lawsuit was filed in Maryland to collect the subject debt.  Except as specifically admitted, TSI denies the allegations in ¶ 17.

18.     TSI admits that a consent judgment was entered on October 7, 2014, denies the allegations in ¶ 18 to the extent Plaintiff is referring to the garnishment judgment. Except as specifically admitted, TSI denies the allegation in ¶ 18.

19.     TSI is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 19.

20.     TSI is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 20.

21.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 21, and TSI denies the allegations in ¶ 21.

22.     TSI states that the garnishment order is the best evidence of its consent, and, to the extent that the allegations suggest otherwise denies this paragraph.  Except as specifically admitted, TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 22, and TSI denies the allegations in ¶ 22.

23.     TSI denies the allegations in ¶ 23.

24.     TSI admits that it engaged Bierer regarding the account at issue, but denies that Bierer was compensated on a contingency basis.  Further answering, TSI states that the promissory notes speaks for itself and is the best evidence of its content, that the garnishment order speaks for itself and is the best evidence of its content, and to the extent that the allegations suggest otherwise denies this paragraph.  Except as specifically admitted, TSI denies the allegations in ¶ 24.

25.     TSI admits that it entered into a consent order with the Consumer Financial Protection Bureau, and that the consent order is the best evidence of its contents.  Except as specifically admitted, TSI denies the allegations in ¶ 25.

26.     TSI admits that it entered into a consent order with the Consumer Financial Protection Bureau, and that the consent order is the best evidence of its contents.  Except as specifically admitted, TSI denies the allegations in ¶ 26.

27.     TSI is without information or knowledge sufficient to form a belief as to the truth of the allegations in ¶ 27.

28.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 28, and TSI denies the allegations in ¶ 28.

29.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 29, and TSI denies the allegations in ¶ 29.

30.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 30, and TSI denies the allegations in ¶ 30.

**FIRST CLAIM FOR RELIEF**
**THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 ET SEQ.**

31.     TSI re-alleges and incorporates by reference the foregoing.

32.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 32, and TSI denies the allegations in ¶ 32.

33.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 33, and TSI denies the allegations in ¶ 33.

34.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 34, and TSI denies the allegations in ¶ 34.

35.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 35, and TSI denies the allegations in ¶ 35.

36.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 36, and TSI denies the allegations in ¶ 36.

37.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 37, and TSI denies the allegations in ¶ 37.

38.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 38, and TSI denies the allegations in ¶ 38.

39.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 39, and TSI denies the allegations in ¶ 39.

40.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 40, and TSI denies the allegations in ¶ 40.

41.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 41, and TSI denies the allegations in ¶ 41.

42.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 42, and TSI denies the allegations in ¶ 42.

43.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 43, and TSI denies the allegations in ¶ 43.

44.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 44, and TSI denies the allegations in ¶ 44.

## SECOND CLAIM FOR RELIEF
## D.C. CODE § 28-3814 ET SEQ.
## (AS TO ALL DEFENDANTS)

45.     TSI re-alleges and incorporates by reference the foregoing.

46.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 46, and TSI denies the allegations in ¶ 46.

47.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 47, and TSI denies the allegations in ¶ 47.

48.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 48, and TSI denies the allegations in ¶ 48.

49.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 49, and TSI denies the allegations in ¶ 49.

50.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 50, and TSI denies the allegations in ¶ 50.

51.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 51, and TSI denies the allegations in ¶ 51.

52.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 52, and TSI denies the allegations in ¶ 52.

53.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 53, and TSI denies the allegations in ¶ 53.

54.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 54, and TSI denies the allegations in ¶ 54.

55.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 55, and TSI denies the allegations in ¶ 55.

56.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 56, and TSI denies the allegations in ¶ 56.

57.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 57, and TSI denies the allegations in ¶ 57.

58.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 58, and TSI denies the allegations in ¶ 58.

59.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 59, and TSI denies the allegations in ¶ 59.

### THIRD CLAIM FOR RELIEF
### ABUSE OF PROCESS
### (AS TO ALL DEFENDANTS)

60.     TSI re-alleges and incorporates by reference the foregoing.

61.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 61, and TSI denies the allegations in ¶ 61.

62.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 62, and TSI denies the allegations in ¶ 62.

63.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 63, and TSI denies the allegations in ¶ 63.

64.     TSI denies any and all violations, liability, wrongdoing, or damages alleged in ¶ 64, and TSI denies the allegations in ¶ 64.

### PRAYER FOR RELIEF

TSI denies the allegations in plaintiff's unnumbered paragraph entitled "Prayer for Relief," including subsections (A) – (E), and denies any and all damages, liability and/or violations allegations in the complaint.  TSI further denies plaintiff is entitled to any relief.

## JURY DEMAND

TSI admits that plaintiff requests a trial by jury but denies any and all damages, liability and/or violations allegations in the complaint, and further denies that plaintiff is entitled to any relief.

## TSI'S AFFIRMATIVE DEFENSES

1.     TSI denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of TSI's purported violations.

2.     One or more counts of the complaint is barred by the statute of limitations, laches, estoppel, wavier, unclean hands, res judicata, collateral estoppel, and/or the Rooker-Feldman Doctrine.

3.     Assuming plaintiff has suffered any damages, which TSI specifically denies, plaintiff has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

4.     Assuming plaintiff has suffered any damages, which TSI specifically denies, any harm suffered by plaintiff were legally and proximately caused by persons or entities other than TSI and were beyond the control or supervision of TSI or for whom TSI was and is not responsible or liable.

5.     One or more counts of plaintiff's complaint fails to state a claim against TSI upon which relief may be granted.

7.    Plaintiff's claims are barred, in whole or in part, by the doctrine of judicial estoppel.

8.    Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established and in the event Transworld is found to be a debt collector as defined in FDCPA, which is denied, any such violation(s) was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

WHEREFORE, defendant, Transworld Systems Inc., having answered plaintiff's complaint completely, respectfully requests that judgment be entered in its favor and awarding it costs, attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated: April 10, 2018                                Respectfully Submitted,


                                                     s/ *Aaron R. Easley*
                                                     Aaron R. Easley, Esq. -450292
                                                     Sessions Fishman Nathan & Israel, LLC
                                                     3 Cross Creek Drive
                                                     Flemington, New Jersey 08822-4938
                                                     Telephone: (908) 237-1660
                                                     Facsimile: (908) 237-1663
                                                     Email:  aeasley@sessions.legal
                                                     *Attorneys for Defendant,*
                                                     *Transworld Systems Inc.*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 10, 2018, a copy of the foregoing was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/: *Aaron R. Easley*
Aaron R. Easley

*Attorney for Defendant,*
*Transworld Systems Inc.*