**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ELIZABETH ADENIRANYE,** <br><br> PLAINTIFF, <br><br> V. <br><br> **BIERER LAW GROUP, P.A., et al.,** <br><br> DEFENDANTS. | **CASE NO.: 1:18-CV-00402** <br><br> **JUDGE RUDOLPH CONTRERAS** |

**DEFENDANT BIERER LAW GROUP'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Bierer Law Group, P.A. ("Bierer"), by and through its counsel Justin M. Flint, Channing L. Shor, and Eccleston & Wolf, P.C., pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7(d) of the Local Rules, hereby files this Reply Memorandum of Points and Authorities in Support of its Motions to Dismiss, and in support thereof respectfully state as follows:

Despite her Opposition, Plaintiff Elizabeth Adeniranye ("Ms. Adeniranye") has failed to establish this Court's personal jurisdiction over Bierer. Ms. Adeniranye relies on "conclusory statements" and "bare allegations" regarding Bierer's alleged connection to the District of Columbia in attempt to establish this Court's personal jurisdiction over Bierer; however, this Court must not give deference to "conclusory statements" and "bare allegations" of personal jurisdiction over Bierer. *Lemon v. Kramer*, 270 F. Supp. 3d 125, 135 (D.D.C. 2017).

First, Ms. Adeniranye contends that this Court should interpret the District of Columbia's long-arm statute broadly in her favor. Opp'n at 2. However, "[w]hile the long-arm statute is interpreted broadly and factual disputes are resolved in favor of the plaintiff, the plaintiff must

allege some specific facts evidencing purposeful activity by the defendant in the District of Columbia by which it invoked the benefits and protections of the District's laws." *COMSAT Corp. v. Finshipyards S.A.M.*, 900 F. Supp. 515, 520 (D.D.C. 1995).

Ms. Adeniranye concludes that Bierer transacts business in the District of Columbia and has invoked "the benefits and protections of [the District of Columbia's] laws," yet, Ms. Adeniranye offers no facts as foundation for the claimed "benefits and protections." Opp'n at 3. In fact, Ms. Adeniranye also fails to address the four prong test that she must follow to establish this Court's personal jurisdiction over Bierer pursuant to the "transacting business" clause of D.C. Code § 13–423(a)(1). Specifically,

> To establish personal jurisdiction under the "transacting business" clause of the long-arm statute, D.C.Code § 13–423(a)(1), a plaintiff must demonstrate that (1) the defendant transacted business in the District; (2) the claim arose from the business transacted in the District (so-called specific jurisdiction); (3) the defendant had minimum contacts with the District; and (4) the Court's exercise of personal jurisdiction would not offend "traditional notions of fair play and substantial justice."

*COMSAT Corp. v. Finshipyards S.A.M.*, 900 F. Supp. 515, 521 (D.D.C. 1995) (internal citations omitted). Importantly, "[t]he long-arm statute analysis is subsumed by the due process analysis expressed in the third and fourth prongs . . . and thus, the appropriate inquiry is whether defendant has the requisite minimum contacts with the District so that the exercise of personal jurisdiction would not offend traditional notions of fair play and substantial justice." *Formica v. Cascade Candle Co.*, 125 F. Supp. 2d 552, 554 (D.D.C. 2001) (internal citations omitted). However, "the mere foreseeability of an injury in a distant forum is not the touchstone of minimum contacts." *COMSAT Corp.*, 900 F. Supp. at 521 (internal quotations and citations omitted).

Here, Ms. Adeniranye alleged no facts that Bierer had minimum contacts with the District. All pertinent facts regarding this case occurred in Maryland. This lawsuit stems from a lawsuit filed in Maryland to collect on a defaulted student loan. Compl. at ¶¶ 13, 14, 17, 18. Ms. Adeniranye does not dispute the validity of the Maryland judgment obtained against her in the Maryland lawsuit. *Id*. at ¶ 18. Bierer is a Maryland professional association with a principal place of business in Maryland. *Id*. at ¶ 8. Further, Ms. Adeniranye admits that Bierer served the writs of garnishment on Ms. Adeniranye's employer's agent in Maryland. *Id*. at ¶ 21. What is more, "[a] related factor in determining whether the exercise of personal jurisdiction over defendant is reasonable or fair is the District of Columbia's interest in adjudicating the dispute . . . Where the plaintiff is not a resident of the forum, the forum states legitimate interests in the dispute have considerably diminished." *Formica*, 125 F. Supp. 2d at 556. Here, Ms. Adeniranye is resident of Maryland. Compl. at ¶ 3.

Second, Ms. Adeniranye concludes without further factual enhancement that it was improper for Bierer to serve Ms. Adeniranye's employer's resident agent in Maryland and that Ms. Adeniranye's employer does not have sufficient contacts with Maryland. Opp'n at 2, 4, and 5. In support of Ms. Adeniranye's assertion that her employer doesn't have sufficient contacts with Maryland, she cites to the conclusory statements in her Complaint. Opp'n at 5. However, these conclusory statements without further factual development are insufficient. *Lemon*, 270 F. Supp. 3d at 135. Further, Ms. Adeniranye fails to disclose whether she raised any of these concerns or asserted arguments directly with the Maryland Court during the garnishment proceeding. Instead of addressing her arguments directly with the court that issued the underlying judgment and in the case where the writs of garnishment were filed, Ms. Adeniranye collaterally attacks the validity of the Maryland proceedings in this Court. Ms. Adeniranye offers

no legal basis how this Court can address her allegations of a violation of due process in the Maryland lawsuit.

Third, in an effort to save her DCDCPA claim, Ms. Adeniranye contends "there is no legitimate dispute that Adeniranye's private student loan was a consumer-credit transaction" and Ms. Adeniranye attaches as an exhibit to her Opposition a promissory note that was not included with the Complaint. Opp'n at 6. Importantly, "[a] motion to dismiss under Rule 12(b)(6) does not test a plaintiff's ultimate likelihood of success on the merits; rather, it tests whether a plaintiff has properly stated a claim." *Lemon v. Kramer*, 270 F. Supp. 3d 125, 141 (D.D.C. 2017). Also, "[a] court need not accept a plaintiff's legal conclusions as true, nor must a court presume the veracity of the legal conclusions that are couched as factual allegations." *Id*.

Ms. Adeniranye has the burden to properly plead her claims against Bierer. Ms. Adeniranye failed to plead sufficient factual matter in her Complaint, accepted as true, to establish that the "private student loan" at issue is subject to regulation by the DCDCPA. While Ms. Adeniranye claims that a "consumer-credit transaction" is covered by DCDCPA, Ms. Adeniranye fails to provide any legal basis to support this conclusion. Opp'n at 6. In fact, Ms. Adeniranye admits that DCDCPA covers consumer credit sales, consumer leases, and direct installment loans; however, Ms. Adeniranye fails to connect how any of these covered areas apply to the "private student loan" claimed in the Complaint and the claimed "consumer-credit transaction" alleged in the Opposition. *Id*. This court must not "presume the veracity of the legal conclusions that are couched as factual allegations." *Lemon*, 270 F. Supp. 3d at 141 (D.D.C. 2017).

By including the promissory note as an exhibit to her Opposition, Ms. Adeniranye improperly attempts to amend her Complaint in attempt to sufficiently plead her DCDCPA

claim. However, it is well-settled that "a plaintiff wishing to amend a complaint must do so in compliance with Federal Rule of Civil Procedure 15. . ." *Benton v. Laborers' Joint Training Fund*, 121 F. Supp. 3d 41, 53–54 (D.D.C. 2015). Thus, this Court should disregard Ms. Adeniranye's attempt to amend her Complaint with new facts and exhibits presented for the first time in her Opposition to the Motion to Dismiss.

Fourth, Ms. Adeniranye provides no substantive argument that she is entitled to punitive damages against Bierer. Ms. Adeniranye concedes that she cannot recover punitive damages against Bierer under the FDCPA. Opp'n at 7. Since Ms. Adeniranye fails to properly plead a claim under the DCDCPA, Ms. Adeniranye cannot rely on this statute to award punitive damages. Nor has Ms. Adeniranye alleged how she is entitled to punitive damages under DCDCPA. Instead, Ms. Adeniranye relies solely on her legal conclusions couched as factual allegations which are entitled no deference in the determination of whether she has met her burden of pleading. *Lemon*, 270 F. Supp. 3d at 141 (D.D.C. 2017).

In conclusion, Ms. Adeniranye cannot maintain this lawsuit against Bierer. Ms. Adeniranye has failed her burden to establish personal jurisdiction over Bierer in the District of Columbia. Further, if this Court determines it has personal jurisdiction over Bierer, Ms. Adeniranye failed her burden of pleading a claim under the DCDCPA. Ms. Adeniranye has also provided no legal basis to use this Court to collaterally attack the alleged lack of due process in the Maryland lawsuit and garnishment proceeding. Last, Ms. Adeniranye assets no substantive argument or legal basis to support her request for punitive damages against Bierer.

WHEREFORE, for all of the foregoing reasons, Bierer respectfully requests that this Court grant Bierer's Motion and dismiss Plaintiff's Complaint against Bierer with prejudice for lack of personal jurisdiction and a failure to state a claim on which relief can be granted.

> Respectfully submitted,
>
> ECCLESTON & WOLF, P.C.
>
> _____/s/\_\_Channing L. Shor_____
> Justin M. Flint (#491782)
> Channing L. Shor (#1024861)
> 1629 K Street, N.W., Suite 260
> Washington, DC 20006
> (202) 857-1696 (Tel)
> (202) 857-0762 (Fax)
> flint@ewdc.com
> shor@ewdc.com
> *Counsel for Defendant Bierer Law Group, P.A.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 25, 2018, a copy of the foregoing Defendant Bierer Law Group's Reply Memorandum of Points and Authorities in Support of its Motions to Dismiss was served electronically, via the Court's CM/ECF electronic filing system, on:

Dean Gregory (#1008846)
Law Offices of Dean Gregory
1717 K Street, NW
Suite 900
Washington, DC 20006
*Counsel for Plaintiff Elizabeth Adeniranye*

Aaron R. Easley (#450292)
Sessions, Fishman, Nathan & Israel, LLC
3 Cross Creek Drive
Flemington, NJ 08822
*Counsel for Defendant Transworld Systems, Inc.*

> _____/s/\_\_Channing L. Shor_____
> Channing L. Shor (#1024861)